UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACOB ISAAC VAUPEN,

                Plaintiff,

        -against-                    **REPORT and RECOMMENDATION**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,     14 CV 6359 (CM) (KNF)

                Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE COLLEEN MCMAHON, UNITED STATES DISTRICT JUDGE

    Before the Court is a motion for attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), by plaintiff's counsel, the Law Offices of Harry J. Binder and Charles E. Binder, P.C. ("Binder & Binder P.C."). The motion follows a favorable decision for the plaintiff by defendant Commissioner of Social Security ("Commissioner"), after remand of this case to the Commissioner by your Honor.

## BACKGROUND

    On January 10, 2011, plaintiff Jason Isaac Vaupen ("Vaupen") filed applications for Child Disability ("CD") and Supplemental Security Income ("SSI") benefits, in both cases alleging disability beginning on May 1, 1999. The plaintiff's applications were denied after initial review and, on August 1, 2011, the plaintiff requested a hearing timely. On December 5, 2011, the plaintiff retained Binder & Binder P.C. to represent him in the matter. On June 22, 2012, a hearing was held before Administrative Law Judge ("ALJ") Arthur Patane. ALJ Patane denied the plaintiff's applications for benefits on November 1, 2012, finding that he was not

1

disabled within the meaning of the SSA from May 1, 1999, through the date of the decision. On June 13, 2014, the Appeals Council denied the plaintiff's request for review of ALJ Patane's decision.

On August 8, 2014, Vaupen entered into a retainer agreement ("Agreement") with Binder & Binder P.C. "to appeal the denial of Social Security benefits to the United States District Court." Under the terms of the Agreement, "[i]f the appeal is successful and I am awarded past due benefits by the district court, the law firm is to receive twenty-five percent (25%) of the past due benefits due me and my family pursuant to 42 U.S.C. § 406 of the Social Security Act. Fees must be approved by the district court." The Agreement also states that "[i]f the case is remanded by the United States District Court to the Social Security Administration for review or additional testimony, and I am awarded past due benefits by the Appeals Count or an [ALJ] after an additional hearing, the law firm may apply for fees to U.S. District Court under § 406(b)." In addition, the Agreement states: "I agree that in the event the appeal is successful in that the claim is remanded for further proceedings or payment of benefits, I transfer and assign my rights and interest in any and all Equal Access to Justice Act ("EAJA")[, 28 U.S.C. § 2412] fees in connection with my Social Security case to the law firm in consideration of their services in representing me in federal court."

On August 11, 2014, the plaintiff filed his complaint in this action, alleging that ALJ Patane erred in denying the plaintiff's application for CD and SSI payments. On April 20, 2015, the case was remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. 405(g), for further administrative proceedings and judgment was entered by the Clerk of Court. On May 20, 2015, the plaintiff moved for an award of attorney's fees pursuant to EAJA. By stipulation and order dated June 15, 2015, the plaintiff was awarded, inter alia, attorney's fees under the EAJA in the amount of $5,700.

As set forth in the affirmation of the plaintiff's counsel, submitted in support of the instant motion, following additional proceedings, on September 6, 2016, ALJ Kieran McCormack found Vaupen disabled within the meaning of the SSA as of January 10, 2010. On October 3, 2016, the plaintiff received a Notice of Award from the Social Security Administration informing him, among other things, that it was withholding $18,561.95 from his past-due benefits for payment of a fee, if any had been incurred, to an approved representative.

Counsel to the plaintiff filed the instant motion on November 23, 2016, seeking an award of attorney's fees in the amount of $12,902.70, pursuant to 42 U.S.C. § 406(b). Counsel also seeks an award of $5,659.25, under 42 U.S.C. § 406(a), "for time spent handling [the plaintiff's] case before the Social Security Administration." Counsel avers that, upon receipt of such fees, he will return directly to the plaintiff the amount of the EAJA fees, that is, $5,700, previously awarded in this matter.

By a letter dated December 22, 2016, the Commissioner, through her representative, responded to counsel's motion stating, inter alia, that she does not object to counsel's motion for $12,902.70 in attorney's fees provided that, upon the Court's grant of such fees, counsel returns to the plaintiff the full amount of the EAJA fees awarded to counsel previously.

**DISCUSSION**

Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

3

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002). Fee awards may be made under both § 2412 of the EAJA and § 406(b), but the attorney must give the smaller fee to the client. See id. at 796, 1822.

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided. See Wells, 907 F.2d at 372, McGuire v. Sullivan, 873 F.2d 974, 981 (7th Cir. 1989).

In this case, the Court finds no evidence that the Agreement entered into by the plaintiff with Binder & Binder P.C. was the result of fraud or overreaching or that the fees counsel seeks would result in a windfall. Furthermore, the contingency fee in this case is within the twenty-five percent limit imposed by statute.

As noted above, Binder & Binder P.C. seeks an award of attorney fees in the amount of $12,902.70. In support of its claim, the law firm has provided, for each of the two attorneys, Daniel S. Jones ("Jones") and Charles E. Binder ("Binder"), who worked on this case, information concerning the attorney's background and experience and a calculation of the hours

4

spent on this matter. Upon review of the law firm's submissions, the Court finds that the number of hours spent on this matter by each attorney, that is, 28.10 hours in the case of Jones and 2.70 hours in the case of Binder, or a total of 30.8 hours, is not unreasonable under the circumstances.

Counsel avers that Binder & Binder P.C. also seeks an award, under 42 U.S.C. § 406(a), of $5,659.25, for time spent on administrative proceedings on the plaintiff's behalf. The combined fees requested by counsel are $18,561.95, or twenty-five percent of the plaintiff's past due benefits.

Taking into account the total amount of time that the plaintiff's counsel expended on both the administrative and district court proceedings, counsel's expertise in handling social security cases, the success achieved by counsel in this case, and the lack of any evidence of fraud or overreaching, the Court concludes that an award of fees in the amount of $18,561.95 is reasonable. In reaching this conclusion, the Court is mindful that, upon the award of such fees, the plaintiff's counsel has pledged to return to the plaintiff the full amount of the EAJA fees awarded previously in this matter.

## RECOMMENDATION

For the reasons set forth above, I recommend that: (1) Binder & Binder P.C.'s motion for attorney's fees in the amount of $18,561.95, Docket Entry 28, be granted; and (2) EAJA fees in the amount of $5,700 be returned to the plaintiff by his counsel.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 2550, New York, New York, 10007, and to the

chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge McMahon. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
May 8, 2017

Respectfully submitted,

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE